BEN C. WORM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Worm v. Commissioner
Docket No. 1947-79.
United States Tax Court
T.C. Memo 1980-481; 1980 Tax Ct. Memo LEXIS 102; 41 T.C.M. (CCH) 271; T.C.M. (RIA) 80481; October 27, 1980, Filed Ben C. Worm, pro se. Dan A. Lisonbee, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax under sections 6651(a) and 6653(a), I.R.C. 1954, [1] in the amounts and for the years as follows: Deficiencies in
Additions to Tax, I.R.C. 1954
Taxable Year Ended
Income Tax
Sec. 6651(a)
Sec. 6653(a)
December 31, 1971
$ 161.90
$ 40.48
$ 8.10
December 31, 1972
432.90
108.23
21.65
December 31, 1973
2,860.03
715.01
143.00
December 31, 1974
4,350.48
1,087.62
217.52
December 31, 1975
564.89
141.22
28.24
December 31, 1976
74.39
18.60
3.72
December 31, 1977
790.41
158.08
39.52
*103 Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision only the amount of petitioner's income from farming for the years 1971 through 1974, [2] and whether petitioner is liable for additions to tax under sections 6651(a) and 6653(a) for each of these years. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided at Hysham, Montana at the time of the filing of his petition in this case. Petitioner did not file Federal income tax returns with the Internal Revenue Service for any of the years 1971 through 1977. During the years here in issue petitioner was a farmer. Sometime prior to 1968, petitioner became bankrupt and was discharged from bankruptcy in 1968 or 1969. In 1973 petitioner's son, Christian Worm, became ill, and in that year petitioner paid $2,000 to Deaconess Hospital, Billings, Montana, and in 1974 paid $3,884.15 to that hospital for expenses for brain surgery performed on his son. These amounts paid by *104 petitioner were in excess of the amounts for which petitioner was compensated by insurance or otherwise. Respondent in the notice of deficiency determined that petitioner had the following income and expenses from farming activities during the years 1971 through 1974: Year
Income
Expenses
1971
$11,732.19
$ 9,573.47
1972
13,745.63
9,347.03
1973
40,325.05
27,017.79
1974
59,747.90
42,421.02
Since no returns had been filed by petitioner, respondent computed petitioner's income and expenses from third party records. However, the expenses determined by respondent did not include $1,815.57 interest paid by petitioner in 1973 and $340.93 of interest paid by petitioner in 1974 with respect to crop loans petitioner had obtained in March 1972 for $41,227, and a renewal loan in March 1973 for $52,400. The renewal loan was paid in full by petitioner on April 30, 1974. OPINION Petitioner agreed that the income received by him as determined by respondent for the years 1971 through 1974 was correct and that the amounts of expenses determined by respondent for these years was correct except for omitting the interest expenses paid by petitioner of $1,815.57 *105 in 1973 and $340.93 in 1974. At the trial respondent conceded that petitioner was entitled to deduct the interest paid in addition to the expenses determined by him in the deficiency notice. Respondent also conceded that petitioner was entitled to deduct the amounts he paid to Deaconess Hospital, Billings, Montana, in 1973 and 1974 for expenses of brain surgery performed on his son as medical expenses to the extent these amounts exceeded 3 percent of petitioner's adjusted gross income as provided by section 213(a)(1). Petitioner, at the trial, did not contest any adjustments made by respondent.His primary position was that he thought that amounts he did not claim as refunds of gasoline tax paid with respect to gasoline used in connection with his farming operation were being used to offset any income tax he might owe and that, therefore, his income tax would be taken care of. Petitioner has totally failed to prove error in respondent's determination of deficiencies for the years 1971 through 1974 except to the extent respondent has conceded items of interest expense and medical expense deductions, and has likewise failed to show error in respondent's determination of additions *106 to tax under section 6651(a) and section 6653(a). If, in fact, petitioner misunderstood the law and believed that without filing claims for refund of gasoline tax paid with respect to gasoline used in his farming operation, the amounts which he might have been entitled to claim could beused to offset his income tax, such mistaken understanding of the law does not excuse his failure to file returns or to pay estimated tax with respect to his estimated income. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. At the trial respondent conceded that there were no deficiencies or additions to tax due by petitioner for the years 1975, 1976 and 1977.↩